## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**MARTIN J. WALSH**, Secretary )
of Labor, United States Department of Labor, )
)
     Petitioner, )
) Case Number:
     v. )
) Judge:
**ROSIE GUTHRIE**, an individual, and )
**GENESIS HOMECARE SERVICES, LLC**, ) Magistrate Judge:
)
     Respondents. )
)

### SECRETARY OF LABOR'S PETITION TO ENFORCE
### ADMINISTRATIVE SUBPOENA *DUCES TECUM*

Petitioner **MARTIN J. WALSH**, Secretary of Labor, United States

Department of Labor ("Secretary"), through the undersigned counsel and pursuant

to Section 9 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. §

201, *et seq*., ("FLSA" or "Act"), applies to this Court for an Order requiring

**ROSIE GUTHRIE and GENESIS HOMECARE SERVICES, LLC**

(collectively, "Respondents"), to show cause, if any, why she failed to testify

completely as set forth in the subpoena duces tecum issued by the Regional

Administrator, Wage and Hour Division, United States Department of Labor, and

duly served upon Respondents.

## I

Jurisdiction to issue the Order requested herein is conferred upon this Court

by Section 9 of the Act, 29 U.S.C. § 209, and by Sections 9 and 10 of the Federal

Trade Commission Act of 1914, as amended (15 U.S.C. §§ 49, 50) ("FTC Act").

## II

Section 11 of the FLSA authorizes the Secretary to investigate and gather data regarding "conditions and practices of employment in any industry subject to this Act . . . as necessary or appropriate to determine whether any person has violated any provision of this Act, or which may aid in the enforcement of the provisions of this Act." 29 U.S.C. § 211.  Section 9 of the FLSA further provides that sections 9 and 10 of the FTC Act (15 U.S.C. §§ 49, 50), relating to the attendance of witnesses and the production of books, papers, and documents, are applicable to the Secretary for purposes of investigations under the FLSA.  29 U.S.C. § 209.  Section 9 of the FTC Act provides authorized agents shall have access to documentary evidence of "any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."  15 U.S.C. § 49.

## III

Michael Lazzeri is the Regional Administrator of the Midwest Regional Office of the Wage and Hour Division, United States Department of Labor ("Regional Administrator Lazzeri"), who, among others, was delegated the authority by the Secretary to issue administrative subpoenas under the Act.

Secretary's Order 01-2014, § 5.C., 79 Fed. Reg. 77527, 77528 (Dec. 19, 2014).

## IV

A.       Rosie Guthrie ("Guthrie") is the sole owner of Genesis Homecare Services, LLC ("Genesis"), who currently resides in Clinton Township, Michigan, which is in Macomb County and within the jurisdiction of this Court.

B.       Genesis, at all times referred to herein, is and was a Michigan limited liability company with an office and a place of business at 23780 Harper Ave., Suite #B, St. Clair Shores, MI 48080, which is in Macomb County and within the jurisdiction of this Court.

## V

In order to conduct a thorough investigation into the wages, hours, and other conditions and practices of employment, pursuant to section 11 of the FLSA, Wage and Hour investigators regularly review, copy and/or transcribe information from employers' records including, but not limited to, payroll records and records of hours worked; question and interview employers and employees; and collect and review other relevant data relating to compliance by employers under the Act.

## VI

Pursuant to the power vested in him as Regional Administrator of the Wage and Hour Division, United States Department of Labor, Regional Administrator Lazzeri signed and issued a subpoena *duces tecum* with a deadline of July 1, 2022,

at 10:00 am, requiring Respondents to provide documents listed on the

Attachment to the subpoena *duces tecum* concerning matters within the scope of

an investigation being conducted pursuant to the FLSA, 29 U.S.C. § 211. Exhibit

A at 1.

## VII

On June 15, 2022, Investigator Daniel Murphy of the United States

Department Wage and Hour Division served the Subpoena on Guthrie by hand-

delivering it to her.  Guthrie made no response.  Exhibit A at 5.

## VIII

The Respondents have failed to respond to all information sought in

Subpoena, and this failure has impeded and continues to impede the Secretary's

lawful investigation under the provisions of section 11 of the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Secretary respectfully requests this Court issue an

Order:

A.      Requiring Respondents to inform the Secretary and the Court that they

will fully comply with the Secretary's subpoena *duces tecum* within 10 days of the

date of the Order or show cause, if any, for their failure to comply with and obey

the Secretary's subpoena *duces tecum*;

B.      Tolling the statute of limitations from July 1, 2022, the date

Respondents failed to comply with the Secretary's subpoenas *duces tecum*, until

such date as the Secretary informs the Court that Respondents have complied in full;

  C. Requiring Respondents to provide the subpoenaed documents no more than 15 days after the issuance of the Order;

  D. Directing Respondents to pay all costs, expenses, and fees incurred by the Secretary in this matter, including:

    1. The market rate for the time the Secretary spent preparing this Petition; and

    2. Travel costs of the Secretary in enforcing this Petition.

  E. And for such other just and further relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/Jonathan Hoffmeister
**JONATHAN HOFFMEISTER**
Senior Trial Attorney

Attorney for Petitioner, Martin J.
Walsh**,** Secretary of Labor
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Suite 844
Chicago, IL  60604
Telephone: (404) 302-5453
Fax: (312) 353-5698
E-mail:hoffmeister.jonathan@dol.gov

**LOCAL COUNSEL:**

**DAWN N. ISON**
United States Attorney

**KEVIN ERSKINE**
Assistant United States Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9610
Email: kevin.erskine@usdoj.gov
(P69120)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **MARTIN J. WALSH**, Secretary | ) | |
| of Labor, United States Department of Labor, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case Number: |
| v. | ) | |
| | ) | Judge: |
| **ROSIE GUTHRIE**, an individual, and | ) | |
| **GENESIS HOMECARE SERVICES, LLC**, | ) | Magistrate Judge: |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF SECRETARY OF LABOR'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM*

Petitioner Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary" or "Department"), by counsel, submits this Memorandum in Support of his Petition to Enforce Administrative subpoena *duces tecum* duly served on **ROSIE GUTHRIE and GENESIS HOMECARE SERVICES, LLC** (collectively, "Respondents"). Copies of the subpoena and proof of service are attached as Exhibit ("Ex.") A.

This case presents the question of whether a company being investigated by the U.S. Department of Labor's Wage and Hour Division ("Wage and Hour Division") for compliance with the Fair Labor Standards Act of 1934, as Amended, 29 U.S.C. § 201 et seq. ("FLSA" or "Act"), has the authority to limit the investigation as it sees fit. The FLSA and binding court precedent require this Court to find the Secretary has the statutory authority to direct his own

1

investigation.

In brief, Respondent Guthrie is the sole owner of Respondent Genesis Homecare Services, LLC ("Genesis"), a Michigan limited liability company that provides in-home care services to seniors and other patients in need of assistance. The Wage and Hour Division opened an investigation of Genesis to determine the company's compliance with the FLSA, and asked Guthrie to share documents—such as worker contact information, payroll records, and timesheets—that were necessary to the investigation.  After significant back-and-forth, Guthrie turned over only a small portion of the requested information (a blank timesheet, five "sample" timesheets/ paystubs with redacted names, a blank application for employment, and a W-9 Request for Taxpayer ID form). Ex. B.  When the Wage and Hour Division asked for the remaining documents it had requested, Guthrie replied that the information she provided was "enough." Ex. C at1.  The Wage and Hour Division then issued a subpoena *duces tecum* to Guthrie for the remaining documents.[1]  Guthrie ignored the subpoena. *Declaration of Wage and Hour Investigator Stephanie Dolan* ("Dolan Decl."), ¶¶ 17, 20-21.

The Department's subpoena satisfies the applicable criteria established by the Supreme Court and applied by the Sixth Circuit for a valid and enforceable

---

[1] Although the subpoena was technically issued to Ms. Guthrie, it seeks documents from Genesis. *See* Ex. A at 1-4.

administrative subpoena. First, the subpoena is authorized by sections 9 and 11(a) of the FLSA. Second, the testimony sought by the subpoena is relevant to the Department's investigation. Third, the Department does not already possess the information sought by the subpoena. Lastly, enforcing the subpoena would not be an abuse of this Court's process. Accordingly, the Secretary seeks enforcement of the subpoena through an order from this Court requiring full compliance with the Secretary's subpoena, including but not limited to ordering Respondents to produce the requested documents no later than 15 days after the issuance of the Order and requiring Respondents to pay for costs, fees, and expenses associated with litigation that should not be necessary.

**A. Background Facts Relevant to Secretary's Petition**

On March 31, 2022, the Wage and Hour Division initiated an investigation into the wage and hour practices of Genesis. Dolan Decl., ¶ 2. On the same day, Investigator Dolan called and sent a letter to Guthrie requesting documents by April 8, 2022, including a list of Genesis' current and former workers, timekeeping records, payroll records, and documents for independent contractors. Dolan Decl., ¶ 4, Ex. D. Guthrie returned Dolan's call later that day, indicating she thought Wage and Hour's investigation might be a "scam" and stating she would have an attorney call Dolan back. Dolan Decl., ¶ 8. A representative for Guthrie did not call Dolan back, and the Wage and Hour Division received no documents. Onn

April 11, 2022, Dolan sent Guthrie an email requesting again the needed information and providing a two-day extension for Guthrie to produce the documents, until April 13, 2022. Dolan Decl., ¶ 9; Ex. C at 2-3.  Dolan called and sent another email on April 13, 2022, noting the deadline to respond was that day. Dolan Decl., ¶ 10; Ex. C at 2.  Receiving no response from either Guthrie or her representative, on April 27, 2022, Dolan personally delivered a "72-hour" letter to Guthrie, again explaining the documents Wage and Hour needed and giving Guthrie until May 2, 2022, to respond. Dolan Decl., ¶11; Ex. E.  Guthrie finally spoke with Dolan on May 3, 2022, and the two agreed to meet at the Genesis business establishment on May 5, 2022. Dolan Decl., ¶ 12.

When Dolan went on-site at Genesis, Guthrie provided her with five sample timesheets with attached paystubs. Dolan Decl., ¶ 13; Ex. B, at 1-11.  Although the workers' names were scratched out, the timesheets appeared to represent five different workers because they show different work schedules over the same time-period. Dolan Decl., ¶ 13.  According to the sample, Genesis pays its workers a straight hourly wage of $12.00, even in situations where workers work more than 40 hours in a week. Ex. B, at 4, 8.  When Dolan asked Guthrie where the remaining time records were, Guthrie showed her a box of records in a closet but refused to let Dolan examine or copy the records. Dolan Decl., ¶ 14.  Guthrie

indicated she would provide the remaining records by May 9, 2022, once she could get consent from her clients and workers. Dolan Decl., ¶ 14.

By May 10, 2022, Guthrie had provided no new documents to the Wage and Hour Division.  Dolan emailed Guthrie about the issue and Guthrie wrote back, stating: "I have been advised that the information I gave you is enough. The caregivers did not agree for me to give out their information. I will not be corresponding with you anymore.  If you want to take it to court, I will see you there[.]" Dolan Decl., ¶ 15; Ex. C at 1.  May 10, 2022, was the last time Guthrie corresponded with Wage and Hour.  When the Wage and Hour Division served Guthrie with a subpoena on June 15, 2022, Guthrie ignored it. Dolan Decl., ¶¶ 17, 20-21.

**B.  The Secretary Is Authorized by Statute to Issue Subpoenas in Order to Investigate Compliance with the FLSA and May Enforce Such Subpoenas in Federal Court.**

In support of the Secretary's enforcement duties, the FLSA grants the

Secretary subpoena power, providing:

> For the purpose of any hearing or investigation provided for in this chapter, the provisions of section 49 and 50 of title 15 (relating to the attendance of witnesses and the production of books, papers and documents), are made applicable to the jurisdiction, powers, and duties of the Administrator, the Secretary of Labor, and the industry committees.

29 U.S.C. § 209.[2]  Subpoenas issued under the FLSA are enforceable in federal

court.  *See* 15 U.S.C. § 49 (providing that if the subject of an agency subpoena

disobeys that subpoena, the agency "may invoke the aid of any court of the United

States in requiring the attendance and testimony of witnesses and the production of

documentary evidence"); *see also Donovan v. Mehlenbacher*, 652 F.2d 228, 230

(2d Cir. 1981) ("[T]he Department of Labor clearly has the power to issue

subpoenas in the course of an investigation conducted under statutory authority,

and to have those subpoenas enforced by federal courts." (citing *Okla. Press*

*Publ'g Co. v. Walling*, 327 U.S. 186, 200-01 (1946))).

    The Sixth Circuit has noted, "[A] district court's role in the enforcement of

an administrative subpoena is a limited one." *United States v. Markwood*, 48 F.3d

969, 976 (6th Cir. 1995).  Therefore, "the scope of the issues which may be

litigated in an enforcement proceeding must be narrow, because of the important

governmental interest in the expeditious investigation of possible unlawful

activity."  (*Id.* at 979) (*quoting FTC v. Texaco, Inc.*, 555 F.2d 862, 872-73 (D.C.

---

[2] The Federal Trade Commission Act, 15 U.S.C. § 49, provides in pertinent part:

> [T]he Commission shall have power to require by subpoena the attendance
> and testimony of witnesses and the production of all such documentary
> evidence relating to any matter under investigation. . . . [I]n case of
> disobedience to a subpoena the Commission may invoke the aid of any court
> of the United States in requiring the attendance and testimony of witnesses
> and the production of documentary evidence.

Cir. 1977)).  The Secretary's subpoenas are properly enforced if (1) the subpoenas satisfy the terms of its authorizing statute; (2) the requested materials are relevant to the investigation; (3) the information sought is not already in the Secretary's possession; and (4) enforcing the subpoenas will not constitute an abuse of the court's process.  *Doe v. United States*, 253 F.3d 256, 265 (6th Cir. 2001); *Solis v. PulteGroup, Inc.*, No. 12-50286, 2013 WL 4482978, at *3 (E.D. Mich. Aug. 19, 2013).  "The Secretary bears the burden of satisfying the first three prongs of the test, while the respondent carries the burden of demonstrating that enforcement of the subpoena will constitute an abuse of process."  *PulteGroup*, *2013* WL 4482978, at *3 (finding that to demonstrate an abuse of process, respondent bears the burden of proving the subpoena was issued for an improper purpose). "Affidavits of government officials have been accepted as sufficient to make out a prima facie showing that these requirements are satisfied."  *United States v. Comley*, 890 F.2d 539, 541 (1st Cir. 1989).  The Secretary's subpoena satisfies all of the requirements for enforcement, and Respondents cannot meet their burden to show that enforcement would be improper.

## C.  The Subpoena Satisfies the Terms of the Authorizing Statute

The subpoena has been issued in furtherance of the Secretary's investigation into Genesis' compliance with the FLSA.  The Act grants the Secretary broad investigatory powers to determine compliance with its provisions.  Section 11(a)

gives the Secretary or his designee, the Wage and Hour Division, authority to investigate and gather data regarding "wages, hours, and other conditions and practices of employment in any industry subject to this Act."  29 U.S.C. § 211(a). It also empowers the Secretary to enter and inspect such places and records as he may deem appropriate to determine whether any person has violated the Act.  *Id.* Section 11(c) of the Act further requires employers to make, keep and preserve certain records as prescribed by the Secretary.  *Id.* § 211(c).

Here, the Secretary plainly acts pursuant to the investigative authority described above.  The purpose of the subpoena and the investigation into Genesis is to determine whether Genesis, along with any person or entity acting as an "employer" with Genesis, is in compliance with the minimum wage, overtime, and recordkeeping provisions of the FLSA.  A showing of probable cause, or even reasonable cause, of violations is not necessary for documents to be within an agency's subpoena power.  *See United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950). "'[T]he Secretary may investigate on mere suspicion that the law is being violated or even just because she wants assurance that it is not,' and she has 'no obligation to justify the merit of her investigation as a prerequisite to enforcement of administrative subpoenas.'"  *PulteGroup*, 2013 WL 4482978 at *3 (citation omitted).

In sum, the Wage and Hour Division is statutorily empowered to determine

whether Genesis is and has been in compliance with the FLSA, and requesting pay

and time record documents, as well as witness contact and company information, is

a suitable manner in which to make that determination.

## D.  The Information the Secretary Seeks is Relevant to the Secretary's Investigation

Relevance in enforcement proceedings must be construed broadly.  *Doe*, 253

F.3d at 266.  Records are reasonably relevant if the information is relevant to any

inquiry that the Secretary is authorized to undertake.  *See Dole v. Trinity*

*Industries, Inc.*, 904 F.2d 867, 874 (3d Cir. 1990).  "The district court defers to 'the

agency's appraisal of relevancy, which must be accepted so long as it is not

obviously wrong.'"  *NLRB v. Champagne Drywall, Inc.*, 502 F. Supp. 2d 179, 182

(D. Mass. 2007) (*quoting NLRB v. Amer. Med. Response, Inc.*, 438 F.3d 188, 193

(2d Cir. 2006).  *See also Resolution Trust Corp. v. Walde*, 18 F.3d 943, 946 (D.C.

Cir. 1994) (finding that a court should defer to an agency's relevance

determination so long as it is not obviously wrong).

Here, the subpoena seeks documents relevant to the Secretary's investigation

of Genesis' compliance with the FLSA's minimum wage, overtime, and record-

keeping provisions.  Genesis apparently believes its workers are independent

contractors, not "employees" under the FLSA.  However, it is essential that the

Secretary be allowed to verify Genesis' belief about the workers' employment

status, as that issue goes to the heart of whether Secretary has the jurisdiction to

enforce the relevant sections of the Act.  Contact information for the workers who can speak to their working relationship with Genesis is therefore essential for the Wage and Hour Division's investigation.  If Genesis' workers are "employees" under the FLSA, the Secretary also needs to know the hours worked and pay provided to determine if there are minimum wage, overtime or recordkeeping violations.  Further, the Wage and Hour Division must determine all of the "employers" in relation to the "employees."  *See* 29 U.S.C. 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . .").  Therefore, Wage and Hour needs information requested by the subpoena about Genesis' corporate structure.

While this explanation of determinations to be made during the Secretary's investigation is not meant to be exhaustive, these illustrative determinations indicate the information the Secretary seeks and that is being hidden by Respondents is directly relevant to the Secretary's investigation.

## E.  The Information Sought Is Not Within the Agency's Possession

The Secretary seeks only information that has not yet obtained from Respondents, who have only provided 18 pages of documents.  *See* Ex. B. The Secretary does not have the information regarding, inter alia, worker contact information, worker timesheets, or worker pay records.  Respondents are the best source of this information.

## F.  The Secretary's Demand Is Not Improper

As explained above, once the Secretary demonstrates the requirements for enforcement of the administrative subpoena has been met, the burden shifts to the Respondents to show the information requested is unreasonable, improper, or unnecessarily burdensome.  In general, the Sixth Circuit has noted it is a "heavy" burden to demonstrate an abuse of process.  *Doe*, 253 F.3d at 272.  An assertion of abuse of process "may not be based on the improper motives of an individual agency employee, but instead must be founded upon evidence that the agency itself, in an institutional sense, acted in bad faith when it served the subpoena." *Id.* Examples of impropriety are limited to situations such as harassing a taxpayer or putting pressure on them to settle a collateral dispute, "or for any other purpose reflecting on the good faith of the particular investigation." *United States v. Powell*, 379 U.S. 48, 58 (1974).  Absent such circumstances, "it is not the court's role to intrude into the investigative agency's function." *SEC v. Howatt*, 525 F.2d 226, 229 (1st Cir. 1975).

The subpoena properly requests records directly related to the Wage and Hour Division's investigation into the employment practices of Genesis. Accordingly, Respondents cannot point to unreasonableness, impropriety, or unnecessary burden as reasons that the Court should not enforce the subpoena.

## G.  The Order to Enforce Is Necessary to Prevent a Lapse in the Statute of Limitations

The FLSA has a two-year statute of limitations, which is extended to three years in the case of willful violations.  29 U.S.C. § 255.  Violations accrue on a workweek basis.  An order to enforce the subpoena is necessary to prevent a lapse of the statute of limitations.  The ongoing failure of Respondents to provide subpoenaed documents could render a portion of the investigative period barred by the statute of limitations.  The unwillingness of Respondents to produce the requested information is actively interfering with the Secretary's investigation. Dolan Decl., ¶ 23.

Without an order from this Court compelling compliance with the subpoena, Respondents will be able to continue to interfere with the Secretary's investigation. *See Wall v. Constr. & Gen. Laborers' Union, Local 230*, 224 F.3d 168, 176 (2d Cir. 2000) ("A defendant may be equitably estopped from asserting the statute of limitations 'in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused [the plaintiff] to delay in bringing his lawsuit.'" (*quoting Cerbone v. Int'l Ladies' Garment Workers' Union,* 768 F.2d 45, 50 (2d Cir. 1985)).  Therefore, to mitigate the effect of Respondents' actions on the investigation, the Secretary respectfully requests the Court's order requiring compliance with the subpoena also tolls the applicable statute of limitations from July 1, 2022, the original production due date for the subpoena, until such time as Respondents have fully complied with it.  *See EEOC v. O'Grady*, 857 F.2d 383,

393 (7th Cir. 1988) (affirming that tolling was appropriate when "defendants had actively concealed information necessary to a viable court action"); *Domenech-Rodriguez v. Banco Popular De Puerto Rico*, 151 F. Supp. 3d 228, 233 (D.P.R. 2015) (noting in Title VII case that tolling may be warranted when defendant's affirmative misconduct lulls a plaintiff into inaction).

## H. Conclusion

The subpoena *duces tecum* issued to Respondents by the Wage and Hour Division is procedurally sound and seeks relevant material not already in the Secretary's possession. Further, compliance will not be unreasonable, improper, or unnecessarily burdensome. The Secretary respectfully requests that the Court grant the Secretary's petition for an order compelling Respondents to fully comply with the subpoena, including but not limited to ordering them to inform the Secretary and the Court that they will fully comply with the Secretary's Subpoena *Duces Tecum* within 10 days of the date of the Order; requiring Respondents to provide the subpoenaed documents within 15 days of the date of the Order; and tolling the statute of limitations from July 1, 2022, the date Respondents failed to comply with the subpoena, until such date as the Secretary informs the Court that Respondents has complied in full. The Secretary further requests this Court issue an order directing Respondents to pay all costs, expenses, and fees incurred by the Secretary in this matter, including but not limited to the market rate for the time the

undersigned spent preparing the Petition and the travel costs incurred by the

Secretary enforcing the Petition.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/Jonathan Hoffmeister
**JONATHAN HOFFMEISTER**
Senior Trial Attorney

Attorney for Petitioner, Martin J.
Walsh**,** Secretary of Labor
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Suite 844
Chicago, IL  60604
Telephone: (404) 302-5453
Fax: (312) 353-5698
E-mail:hoffmeister.jonathan@dol.gov

**LOCAL COUNSEL:**

**DAWN N. ISON**
United States Attorney

**KEVIN ERSKINE**
Assistant United States Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9610
Email: kevin.erskine@usdoj.gov
(P69120)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary<br>of Labor, United States Department of Labor,<br><br>Petitioner,<br><br>v.<br><br>**ROSIE GUTHRIE**, an individual, and<br>**GENESIS HOMECARE SERVICES, LLC**,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case Number:<br><br>Judge:<br><br>Magistrate Judge: |

### DECLARATION OF INVESTIGATOR STEPHANIE DOLAN

I, Stephanie Dolan, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.  I am an employee of the Wage and Hour Division, United States Department of Labor ("Wage and Hour"), where I work as an Investigator ("WHI") for the Detroit District Office ("District Office"). I am over 18 years of age and have personal knowledge of the facts and circumstances stated herein.

2.  On March 31, 2022, Wage and Hour initiated an investigation of Genesis Homecare Services, LLC ("Genesis") with me as the assigned WHI.

3.  The investigation by the District Office is to determine whether Respondent is covered by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (hereinafter "the Act" or "FLSA") and whether Respondent is complying with the provisions of the Act.

4.   On March 31, 2022, I emailed a letter to Genesis' sole owner, Rosie Guthrie ("Guthrie").   The letter requested Ms. Guthrie to provide me with information and documents regarding the identity of current and former workers, timekeeping records, payroll records, and documents for independent contractors. I need documents like these in order to determine if Genesis is complying with provisions of the FLSA.   I requested that Ms. Guthrie provide these documents by April 8, 2022.   A true and accurate copy of the March 31, 2022, letter is attached as Exhibit D.

5.   Genesis' principal place of business is located at 23780 Harper Ave., Suite #B, St. Clair Shores, MI 48080 (hereinafter "the Genesis worksite"). It conducts business as a limited liability company in Michigan.

6.   Genesis provides in-home care services to seniors and other patients in need of assistance.

7.   Upon information and belief, Ms. Guthrie resides at 41630 Berly Dr., Clinton Township, Michigan 48038, which is in Macomb County.

8.   I also spoke with Ms. Guthrie twice on March 31, 2022.   The first time I called her before I emailed her the March 31, 2022 letter.   During the first call, I discussed Wage and Hour and the FLSA with Ms. Guthrie.   Later that evening, after I emailed the March 31, 2022 letter, Ms. Guthrie called me and stated that she

thought Wage and Hour's investigation might be a "scam." She said she would have an attorney call me back.

9.  No one called me back about the requested documents, so on April 11, 2022, I sent Ms. Guthrie another email again asking for the documents and providing a two-day extension for Ms. Guthrie to provide them--until April 13, 2022.  I received no reply.  A true and accurate copy of my email correspondence with Ms. Guthrie, including the April 11, 2022, is attached as Exhibit C at 2-3.

10.  I sent another email on April 13, 2022, noting the deadline to respond was that day. I received no reply. A true and accurate copy of the April 13, 2022, email is attached as part of Exhibit C at 2.

11.  On April 27, 2022, I personally delivered to Genesis' place of business a 72-hour letter, informing Ms. Guthrie that she had until May 2, 2022, to provide the requested information. A true and accurate copy of the 72-hour letter is attached as Exhibit D.

12.  On May 3, 2022, I spoke with Ms. Guthrie and she told me she received the 72-hour letter.  We agreed to meet at the Genesis worksite on May 5, 2022.

13.  I visited the Genesis worksite on May 5, 2022.  While there, Ms. Guthrie provided me documents, including five sample timesheets with attached paystubs.  The timesheets had workers' names scratched out.  I noticed the timesheets appeared to represent five different workers because they showed

different work schedules over the same time period.  I also noticed the workers were paid a straight hourly wage of $12.00, even when the worker worked more than 40 hours in a week.  A true and accurate copy of documents provided by Ms. Guthrie is attached as Exhibit B.

14.   While at Genesis, I asked Ms. Guthrie where the remaining time records were.  Ms. Guthrie showed me a box of records in a closet.  I asked if I could take the records to my office to examine them, or if I could copy them.  Ms. Guthrie refused.  Ms. Guthrie said she was waiting to get consent from her clients and workers before she provided me the records.  She offered to provide them by May 9, 2022.

15.   By May 10, 2022, Ms. Guthrie had provided no new documents to Wage and Hour.  I emailed Ms. Guthrie again asking about the documents.  Ms. Guthrie replied that she would not provide the documents and was done corresponding with me. A true and accurate copy of the May 10, 2022, correspondence is attached as part of Exhibit C.

16.   As a result of Ms. Guthrie's repeated failure to provide the requested records, including witness information, coverage, wages, hours and other terms and conditions of employment.

17.   Michael Lazzeri, Regional Administrator for Wage and Hour's Region V, issued an administrative subpoena *duces tecum* to Ms. Guthrie on June 15, 2022

(hereinafter "the Subpoena"). A true and accurate copy of the Subpoena is attached as Exhibit A to this Declaration.

18.  Pursuant to the terms of the Subpoena, Ms. Guthrie was required by 10:00 a.m. on July 1, 2022, to produce all documents listed and described in Attachment to Subpoena, as set forth in Exhibit A, at 3-4.

19.  On June 15, 2022, WHI Daniel Murphy hand delivered the Subpoena to Ms. Guthrie. A true and accurate copy of the Return of Service is attached to this Declaration as part of Exhibit A. The documents requested in the Subpoena are routinely requested by Wage and Hour in investigations in order to evaluate an employer's coverage under and compliance with the Act.

20. To date, Ms. Guthrie has failed to produce any of the documents I requested (beyond those that were provided in Exhibit B), and Ms. Guthrie has not contacted Wage and Hour in any way since May 10, 2022.

21. To date, Ms. Guthrie has failed to provide documents needed by Wage and Hour to conduct its investigation and as requested in the Subpoena.

22. Wage and Hour needs the information referenced by the Attachment to Subpoena in order to determine whether the Genesis has committed any violations of the FLSA.  Ms. Guthrie's refusal to provide the information is actively interfering with the Wage and Hour's investigation.

I declare under penalty of perjury that the foregoing is true and correct.

This 4th day of November, 2022.

STEPHANIE
DOLAN

Digitally signed by STEPHANIE
DOLAN
Date: 2022.11.04 08:06:19 -04'00'

Stephanie Dolan
Investigator
Wage and Hour Division, U.S. Department of Labor

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
## WAGE AND HOUR DIVISION

### Subpoena Duces Tecum

To: Rosie Guthrie
    23780 Harper Ave., Suite #B
    St. Clair Shores, MI 48080

       Pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 209 and 211, you are hereby required to provide to MICHAEL LAZZERI, Regional Administrator for the WAGE AND HOUR DIVISION, CHICAGO REGION, or his designee/representative, all books, papers, and other documents, as specifically described in the Attachment, by presenting such documents electronically to District Director Timolin Mitchell at Mitchell.Timolin@dol.gov or by contacting Timolin Mitchell to arrange for in-person delivery to the Troy Area Office US DEPARTMENT OF LABOR WAGE AND HOUR DIVISION located at 5700 Crooks Rd. Troy MI 48098 on July 1, 2022, at 10:00 a.m.
**FAIL NOT AT YOUR PERIL.**



IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at Chicago, Illinois
This _____ day of June 2022

MICHAEL LAZZERI   Digitally signed by MICHAEL LAZZERI
_____
MICHAEL LAZZERI, REGIONAL ADMINISTRATOR
WAGE AND HOUR DIVISION
UNITED STATES DEPARTMENT OF LABOR

Exhibit A

## ATTACHMENT to SUBPOENA

### Genesis Homecare Services, LLC

**A.  DEFINITIONS AND INSTRUCTIONS**

1.      Genesis Homecare Services means Genesis Homecare Services, LLC, including their current and former officers, employees, attorneys' representatives, agents, assigns, subsidiaries, and any predecessor or successor entities.

2.      "Document" or "documents" shall mean all writings and recordings within the meaning of Rules 1001(a) and (b) of the Federal Rules of Evidence (i.e., "letters, words, or numbers, or their equivalent set down in any form" and "letters, words, or numbers, or their equivalent recorded in any manner"), however produced or reproduced, of every kind or description in Genesis Homecare Service's possession, custody, or control, or within the custody or control of any agent, employee representative or other persons acting or purporting to act for or on behalf of Genesis Homecare Services, including notes; memoranda;  records, reports, correspondence; telefaxes and faxes; agreements or contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers;  transcripts or notes of conversations or meetings; minutes of meetings; statements; tabulations; text messages; instant message or messages from other electronic messaging software or applications; and all draft copies of such documents containing additional marks or notations not found on the originals.

3.      "Person" is defined by 29 U.S.C. § 203(a) as: "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

4.      "Relating to" or "reflecting," means stating, constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

5.      "Worker" or "workers" includes individuals contracted, employed, hired, utilized, or retained by and/or who worked for Genesis Homecare Services.

6.      The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

7.      "Including" shall be construed to mean "without limitation."

8.      Unless otherwise specified, the time period covered by this subpoena is from April 1, 2020, to the date of production. Documents created prior to April 1, 2020, which have been used or relied on since April 1, 2020, or which describe legal duties which remain in effect after April 1, 2020 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

9.      If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect each such document the:
   a.      Specific privilege being asserted;

  b. Nature of the document;
  c. Author of the document and the date of preparation;
  d. Recipients of the document or copies thereof; and
  e. Subject matter of the document.

  10. If any document required to be produced pursuant to this subpoena has been destroyed, identify with respect to each such document the:

  a. Date destroyed;
  b. Method of destruction;
  c. Reason for destruction;
  d. Person or person(s) who authorized the destruction; and
  e. Subject matter of the document destroyed.

## B. DOCUMENTS TO BE PRODUCED

  1. Documents reflecting the names, addresses, and telephone numbers of each owner, corporate officer, and manager of Genesis Homecare Services.

  2. Documents reflecting the ownership interest (percentage of ownership) of each owner of Genesis Homecare Services.

  3. Documents identifying all branches and establishments, controlled by, or operating with Genesis Homecare Services.

  4. Genesis Homecare Services' company organizational chart.

  5. Documents relating to the business structure of Genesis Homecare Services, including articles of incorporation, partnership records, membership records, and corporate filings with the Secretary of State.

  6. All federal and state income tax forms submitted and signed by or on behalf of Genesis Homecare Services, including all schedules, attachments, and worksheets.

  7. Documents – including monthly, quarterly, and annual records – stating the annual gross dollar volume of sales made or business done, or total volume of goods purchased or received, by Genesis Homecare Services.

  8. Documents reflecting the full name, last known addresses, and telephone numbers of each worker performing work for Genesis Homecare Services.

  9. Documents reflecting the dates of birth of each worker who was under the age of 18  during the time period described in Section A, Paragraph 8 of this Attachment.

  10. All documents stating the job descriptions, duties, and occupations of Genesis Homecare Services' workers.

11.    Documents relating to workers treated as exempt from the minimum wage or overtime wage requirements under the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*

12.    All contracts and agreements between Genesis Homecare Services and workers who Genesis Homecare Services considers to be independent contractors or subcontractors.

13.    All W-2 Forms and/or 1099 Forms distributed by Genesis Homecare Services to workers.

14.    All documents reflecting the rate of pay per worker, per pay period and any changes made to the rate of pay and applicable date(s) of the rate of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis for each worker.

15.    All documents reflecting the total gross wages paid per pay period for each worker, including payroll records, payroll ledgers, payroll journals, pay stubs, and check stubs.

16.    All documents relating to cash payments to workers.

17.    All documents reflecting schedules of work for workers.

18.    Documents reflecting each worker's starting and ending time and day for each workweek.  If the worker was part of a workforce or employed in or by an establishment whose workers have a workweek beginning at the same time on the same day, a single document noting the time of day and beginning day of the workweek for the whole workforce or establishment will suffice.

19.    All documents reflecting the hours worked each workday and total hours worked by workers each workweek, including timesheets, time cards, logs, journals, and diaries.

20.    All documents reflecting the total daily or weekly regular earnings or wages due for hours worked during each workday or workweek for each worker.

21.    All documents reflecting additions to, or deductions from, wages paid each pay period to each worker.

22.    All of Genesis Homecare Services' employment policies and procedures related to compensation paid to workers and hours worked (or pieces completed) by workers, including supervisory procedures, recordkeeping procedures, compensation policies, disciplinary policies, and employee handbooks.

# RETURN OF SERVICE

I hereby certify that I served the subpoena directed to _Ms. Rosie Guthrie_ on
_June 15, 2022_ by:

☑ hand delivering it to _Ms. Rosie Guthrie_ ;

☐ hand-delivering it to _____, who is:
_____; is an individual of suitable age and discretion; and resides at
_____'s residence.

☐ hand-delivering it to _____, who is an officer, managing agent,
general agent, or other agent authorized by appointment or law to accept service of process on
behalf of _____ and by mailing a copy of the subpoena to
_____.

☐ other: _____.

_Daniel Murphy_
(Signature)

_Daniel Murphy_
(Name of person serving the subpoena)

_Wage Hour Investigator_
(Official Title)

_6/15/2022_
(Date)

**GENESIS HOMECARE SERVICES LLC**

Client Name: _____ Caregiver Name: _____

### 1st Week

| Day | Date | In | Out | Hrs. | Day | Date | In | Out | Hrs. |
|-----|------|----|----|----|-----|------|----|----|----|
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |

Total Hours:

### 2nd Week

| Day | Date | In | Out | Hrs. | Day | Date | In | Out | Hrs. |
|-----|------|----|----|----|-----|------|----|----|----|
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |

Total Hours:

Client Signature: _____

Exhibit B

Exhibit B, p.001



GENESIS HOMECARE SERVICES LLC

Client Name: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Name: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**1st Week**

| Day | Date | In | Out | Hrs. | Day | Date | In | Out | Hrs. |
|-----|------|----|----|------|-----|------|----|-----|------|
| Sat | 4-16-22 | | | | | | | | |
| Sun | 4-17-22 | | | | | | | | |
| mon | 4-18-22 | | | | | | | | |
| Tue | 4-19-22 | | | | | | | | |
| Wed | 4-20-22 | 9 | 930 | 1230 | | | | | |

Total Hours: 12 1/2

**2nd Week**

| Day | Date | In | Out | Hrs. | Day | Date | In | Out | Hrs. |
|-----|------|----|----|------|-----|------|----|-----|------|
| | 4-23-22 | 9 | 95 | 12 1/2 | | | | | |
| | 4-24-22 | 9 | 930 | | | | | | |
| | 4-25-22 | 9 | 930 | 12 1/2 | | | | | |
| | 4-30-22 | 9 | 930 | 2 1/2 | | | | | |
| | | | | 12 1/2 | | | | | |

Total Hours: 50

Signature: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

| CAREGIVER | CHECK DATE | SOC-SEC-NUM | PERIOD START | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|
| ▓▓▓▓▓▓▓ | 05/05/22 | ***-**-**** | 04/16/22 | 04/30/2022 | |

Federal tax-status: Allowances:                                                    State Tax - Status: NONE  Allowances:

### CURRENT EARNING DETAIL

| DATE | RATE | HOURS | AMOUNT | Description | DEDUCTIONS/TAXES Amount | Y-T-D |
|---|---|---|---|---|---|---|
| 05/03/22 | 12.0 | 62.5 | $750.00 | FEDERAL TAX MEDICARE SOC SECURITY MI INCOME TAX DETROIT, MI CIWT | | |

| YTD GROSS: 4152.00 | YTD NET: 4152.00 | NET PAY: $750.00 | **INDEPENDENT   CONTRACTOR EARNING STATEMENT** |
|---|---|---|---|

Exhibit B, p.003



5/5/22, 8:39 AM                                    IMG_20220430_071627336.jpg

## GENESIS HOMECARE SERVICES LLC

Client Name: ~~████████~~          ~~████~~ Name: ~~████████~~

**1st Week**

| Day | Date | In | Out | Hrs. | Day | Date | In | Out | Hrs. |
|---|---|---|---|---|---|---|---|---|---|
| MoN | 4-18-22 | 8pm | 8AM | 12hrs | | | | | |
| Tues | 4-19-22 | 8pm | 8AM | 12hrs | | | | | |
| Wed | 4-20-22 | 8pm | 8AM | 12hrs | | | | | |
| Thur | 4-21-22 | 8pm | 8AM | 12hrs | | | | | |
| Friday | 4-22-22 | 8pm | 8AM | 12hrs | | | | | |

Total Hours: 60 hr

**2nd Week**

| Day | Date | In | Out | Hrs. | Day | Date | In | Out | Hrs. |
|---|---|---|---|---|---|---|---|---|---|
| Mon. | 4-25-22 | 8pm | 8AM | 12hrs | | | | | |
| Tues | 4-26-22 | 8pm | 8AM | 12hrs | | | | | |
| Wed | 4-27-22 | 7pm | 7pm | 12hrs | | | | | |
| Thur. | 4-28-22 | 7pm | 7AM | 12hrs | | | | | |
| Fri. | 4-29-22 | 7pm | 7AM | 12hrs | | | | | |

Total Hours: 60 hr

Client Signature: ~~████████~~

Exhibit B, p. 004

| CAREGIVER | | CHECK DATE | SOC-SEC-NUM | PERIOD START | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|---|
| | | 05/05/22 | ***-**-**** | 04/16/22 | 04/30/2022 | |

Federal tax-status: Allowances.                                          State Tax - Status: NONE  Allowances:

### CURRENT EARNING DETAIL

| DATE | RATE | HOURS | AMOUNT | DEDUCTIONS/TAXES | | |
|---|---|---|---|---|---|---|
| | | | | Description | Amount | Y-T-D |
| 05/03/2022 | $12.00 | 120.0 | $1440.00 | FEDERAL TAX<br>MEDICARE<br>SOC SECURITY<br>MI INCOME TAX<br>DETROIT, MI CIWT | | |
| YTD GROSS: $4464.00 | YTD NET: $4464.00 | | NET PAY: $1440.00 | INDEPENDENT   CONTRACTOR<br>EARNING STATEMENT | | |



GENESIS HOMECARE SERVICES LLC

Client Name: ~~████~~                              Caregiver Name: ~~████~~

**1st Week**

| Day | Date | In | Out | Hrs. | Day | Date | In | Out | Hrs. |
|-----|------|-----|-----|------|-----|------|-----|-----|------|
| Sun | 4-17-21 | 8:30 | 12:00 | 4½ | Fri | 4-22-21 | 8:00 | 12:30 | 4½ |
| Mon | 4-18-21 | 8:30 | 12:00 | 4½ | Sat | 4-23-21 | 8:00 | 12:30 | 4½ |
| Tue | 4-19-21 | 8:30 | 12:30 | 4½ | Sun | 4-24-21 | 8:00 | 12:30 | 4½ |
| Wed | 4-20-21 | 8:30 | 12:30 | 4½ | Mon | 4-25-21 | 8:00 | 12:30 | 4½ |
| Thur | 4-21-21 | 8:30 | 12:00 | 4½ | | | | | |

Total Hours: 36

**2nd Week**

| Day | Date | In | Out | Hrs. | Day | Date | In | Out | Hrs. |
|-----|------|-----|-----|------|-----|------|-----|-----|------|
| Tue | 4-26-21 | 8:30 | 12:30 | 4½ | | | | | |
| Wed | 4-27-21 | | | | | | | | |
| Thur | 4-28-21 | | | | | | | | |
| Fri | 4-29-21 | 8:30 | 12:30 | 4½ | | | | | |
| Sat | 4-30-21 | 8:30 | 12:00 | 4½ | | | | | |

Total Hours: 13½

Client Signature: _____

| CAREGIVER | | CHECK DATE | SOC-SEC-NUM | PERIOD START | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|---|
| | | 05/05/22 | ***.**.**** | 04/16/22 | 04/30/2022 | |
| Federal tax-status. Allowances. | | | | | State Tax - Status: NONE Allowances. | |

### CURRENT EARNING DETAIL

| DATE | RATE | HOURS | AMOUNT | DEDUCTIONS/TAXES | | |
|---|---|---|---|---|---|---|
| | | | | Description | Amount | Y-T-D |
| 05-03-22 | $12.00 | 49.5 4.5holiday | $594.00 27.00 | FEDERAL TAX MEDICARE SOC SECURITY MI INCOME TAX DETROIT, MI CIWT | | |
| YTD GROSS: 4419.00 | | YTD NET:4419.00 | NET PAY: $621.00 | INDEPENDENT   CONTRACTOR EARNING STATEMENT | | |

20220501_182602.jpg



**GENESIS HOMECARE SERVICES LLC**

Client Name: ████████████████████████   Name: ████████

**1st Week**

| Day | Date | In | Out | Hrs. | Day | Date | In | Out | Hrs. |
|-----|------|-----|------|------|-----|---------|-----|------|------|
| Tue | 4/19/22 | 9Am | 9.30p | 12.5 | Sat | 4/16/22 | 9Am | 930pm | 12.5 |
| Thur | 4/21/22 | 9Am | 9.30pm | 12.5 | | | | | |
| Friday | 4/22/22 | 9Am | 9.30p | 12.5 | | | | | |

Total Hours: 50

50 hours Total

**2nd Week**

| Day | Date | In | Out | Hrs. | Day | Date | In | Out | Hrs. |
|-----|------|-----|------|------|-----|------|-----|------|------|
| Tue | 4-26-22 | 9Am | 930pm | 12.5 | | | | | |
| Wed | 4-26-22 | 9Am | 9.30pm | 12.5 | | | | | |
| Thur | 4-27-22 | 9Am | 9.30pm | 12.5 | | | | | |
| Fri | 4-28-22 | 9Am | 9.30p | 12.5 | | | | | |

Total Hours:

50 hours Total

Client Signature: ████████████

| CAREGIVER | | CHECK DATE | SOC-SEC-NUM | PERIOD START | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|---|
| | | 05/05/22 | ***-**-**** | 04/16/22 | 04/30/2022 | |
| Federal tax-status: Allowances: | | | | | State Tax - Status: Allowances: | |

**CURRENT EARNING DETAIL**

| DATE | RATE | HOURS | AMOUNT | DEDUCTIONS/TAXES | | Y-T-D |
|---|---|---|---|---|---|---|
| | | | | Description | Amount | |
| 05-03-22 | $12.00 | 100 | $1200.00 | FEDERAL TAX MEDICARE SOC SECURITY MI INCOME TAX DETROIT, MI CIWT | | |
| YTD GROSS: 9060.00 | | YTD NET:9060.00 | NET PAY: $1200.00 | INDEPENDENT   CONTRACTOR EARNING STATEMENT | | |



## GENESIS HOMECARE SERVICES LLC

Client Name: ~~Welton Lawrence~~ ~~Richardson~~

Employee Name: ~~Richardson~~

**1st Week**

| Day | Date | In | Out | Hrs. | Day | Date | In | Out | Hrs. |
|---|---|---|---|---|---|---|---|---|---|
| Thursday | April 21 | 2:30 | 5:00 | 2½ hrs | Welton Lawrence | | | | |
| Friday | April 22 | Richard Marshall | | | Overnite | | | | |
| Saturday | April 23 | Richard Marshall | | | Overnite | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Total Hours:

**2nd Week**

| Day | Date | In | Out | Hrs. | Day | Date | In | Out | Hrs. |
|---|---|---|---|---|---|---|---|---|---|
| Friday | April 29 | Overnite | | | Richard Marshall | | | | |
| Saturday | April 30 | Overnite | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Total Hours:

Client Signature: ~~Richardson~~

Exhibit B, p.010

| CAREGIVER | CHECK DATE | SOC-SEC-NUM | PERIOD START | PERIOD END | CHECK NO. |
|---|---|---|---|---|---|
| ▓▓▓▓ | 05/05/22 | ***-**-**** | 04/16/22 | 04/30/2022 | |

Federal tax-status: Allowances:                                State Tax Allowances:

## CURRENT EARNING DETAIL

| DATE | RATE | DAYS | AMOUNT | DEDUCTIONS/TAXES | | |
|---|---|---|---|---|---|---|
| | | | | Description | Amount | Y-T-D |
| 05-03-22 | $140.00/D $12.00 | 4/DAYS 10.5/hrs. | $560.00 $126.00 | FEDERAL TAX MEDICARE SOC SECURITY MI INCOME TAX DETROIT, MI CIWT | | |
| YTD GROSS: 5344.00 | YTD NET:5344.00 | | NET PAY: $686.00 | INDEPENDENT   CONTRACTOR EARNING STATEMENT | | |

# APPLICATION FOR EMPLOYMENT
# INDEPENDENT CONTRACTOR

## PERSONAL INFORMATION

DATE OF APPLICATION:_____

**Name:** _____
                  Last                  First            Middle

**Address:** _____
                 Street           (Apt)        City, State      Zip

**Alternate Address:** _____
                          Street          City, State      Zip

**Contact Information:**  (     ) _____ (     ) _____ _____
                              Home Telephone         Mobile         Email

*How did you learn about our company?* _____

## POSITION SOUGHT: _____    **Available Start Date:**_____

**Desired Pay Range:** _____    **Are you currently employed?** _____
                     By Hour or Salary

## EDUCATION

|  | Name and Location | Graduate? – Degree? | Major / Subjects of Study |
|---|---|---|---|
| **High School** |  |  |  |
| **College or University** |  |  |  |
| **Specialized Training, Trade School, etc...** |  |  |  |
| **Other Education** |  |  |  |

**Please list your areas of highest proficiency, special skills or other items that may contribute to your abilities in performing the above mentioned position.**

_____

_____

_____

Exhibit B, p.012



# AFFIDAVIT OF TAX PAYMENT COMPLIANCE

I, _____, understand that I am hired as an independent contractor and responsible for payment of all applicable federal, state, and local income taxes and employment taxes in compliance with federal, state, and local requirements.

I attest that Genesis Homecare Services has informed me that they shall not deduct any form of taxes from my wages, and I am sole responsible for payment of all taxes. Also, I attest that for the year _____ I have paid all applicable federal, state, and local income and employment taxes.

I understand that Medicare and Social Security taxes will not be withheld by Genesis Homecare Services.  I am submitting this affidavit to Genesis Homecare Services and understand all policies regarding an independent contractor.

Signature: _____    Date: _____

Witness: _____    Date: _____

Exhibit B, p.013



## ACKNOWLEDGEMENT/AGREEMENT

I acknowledge receipt of the Genesis Homecare Services Policies and Procedures Manual and confirm that I have read and understand the policies and procedures in it. I understand that the manual provides guidelines and expectations for behavior, service, and procedures for all Caregivers. I understand that I may raise any questions and seek any clarifications at any time from Genesis Homecare Services management.

I understand that this manual is subject to change at the discretion of management at any time. **I also understand that nothing contained in the manual or any other statements, either verbal or written, concerning the policy and procedure constitutes a contract of employment.**

I agree that either Genesis Homecare Services or I can terminate our employment relationship at any time, with or without cause and with or without notice, except that where possible due notice will be given by both.

I understand that all records are the property of Genesis Homecare Services and copying them in any way or giving information in them to anyone without Genesis Homecare approval is prohibited. Any violation of this policy my result in termination of my employment and/or legal proceedings against me.

_____     _____
Caregiver Signature                                         Date

_____     _____
Witness                                                          Date



# AGREEMENT NOT TO WORK FOR CLIENT OR FORMER CLIENT OF GENESIS HOMECARE SERVICES

Genesis Homecare Services spends considerable sums of money to obtain clients and to hire caregivers and match caregivers with these clients.  Therefore, as a condition of assignment, Genesis Homecare Services requires all caregiver to agree not to work independently for, or through another agency for, any Genesis Homecare Services client for a period of six months after the last date the caregiver provided services for the client through Genesis Homecare Services.

Should I violate this agreement, and work independently for, or through another agency for a Genesis Homecare Services client or former client before the six month period, I agree first to pay Genesis Homecare Services as liquidated damages a fee equal to 80% of my average monthly salary (as calculated by taking gross compensation for each month over the last 12 month, or lesser period if employed less than 12 months, and dividing such gross compensation by the number of full months employed, not to exceed 12) for the months remaining within this 6 month period.

_____     _____
Caregiver Signature                                                Date

_____     _____
Witness                                                              Date

Genesis
Homecare Services

**HOURLY PAY AGREEMENT**

Name: _____

The wage rates for the above – named caregiver are:

$12.00 per hour when working hourly

$140.00 per day when working 24 hours live – in shift

### SPECIAL NOTES REGARDING 24 HOUR LIVE – IN SHIFTS

I understand that hours worked during 24 – hours live-in shifts are calculated as 16 hours worked and paid, and eight (8) hours not worked and unpaid for meal periods and sleep time.  The caregiver and employer agree that he/she should always be able to receive at least six (6) hours continuous hours of uninterrupted sleep time during a 24-hours live-in shift.

If, at any time, he/she(caregiver) is not receiving at least eight (8) hours of meal periods and sleep time and is not receiving at least six (6) hours of uninterrupted sleep time, she/he will advise the Caregivers Supervisor verbally and in writing of the change so that the situation can be properly addressed.

The caregiver further agrees to advise the Caregivers Supervisor if she/he is not provided with personal space and a bed in which to received six (6) hours of continuous, uninterrupted sleep time or is not provided with meals (caregivers are expected to eat what the client/family eats).

_____     _____
Signature                                                    Date

_____     _____
Employer Representative                               Date

_____     _____
Witness                                                      Date

Exhibit B, p.016



## LOST PAYCHECK FORM

Payee: _____ Social Security# _____

Street Address: _____

City: _____ State: _____ Zip Code: _____

Phone: _____ Check #: _____

Check Date: _____ Net Pay: _____

I _____ do hereby state that I am the owner of the above identified payroll check. I further state and affirm that the whereabouts of this payroll check is not known to me. I further state that should the check in question come into my possession, I will immediately make every reasonable effort to return it to the Payroll Department. Furthermore, I understand that I will be charged a $45.00 cancellation fee of said check.

Payee Signature: _____ Date: _____

Notary Affidavit

Subscribed and sworn before me on this _____ day of _____ year _____

Notary Signature: _____ Commission expires: _____

Notary Public in and for the County of _____, _____

### DO NOT FILL OUT BELOW LINE – OFFICE USE ONLY

Date transmitted: _____ Date confirmed: _____

Reissue Date: _____ Reissue Check#: _____

Exhibit B, p.017

**Form W-9**

(Rev. November 2017)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer Identification Number and Certification

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

**Give Form to the requester. Do not send to the IRS.**

1 Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

GENESIS HOMECARE SERVICES LLC

2 Business name/disregarded entity name, if different from above

GENESIS HOMECARE SERVICES LLC

3 Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC

☐ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☑ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ __C__

**Note:** Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is not disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

4 Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

5 Address (number, street, and apt. or suite no.) See instructions.

31235 HARPER AVENUE SUITE 202

6 City, state, and ZIP code

SAINT CLAIR SHORES, MICHIGAN  48082

Requester's name and address (optional)

7 List account number(s) here (optional)

### Part I — Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

**Social security number**

[ ] [ ] [ ] – [ ] [ ] – [ ] [ ] [ ] [ ]

**or**

**Employer identification number**

Privacy Protection-FRCP 5.2

[ ] [ ] – [ ] [ ] [ 7 ] [ 5 ] [ 5 ] [ 8 ]

### Part II — Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. citizen or other U.S. person (defined below); and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**

Signature of U.S. person ▶

Date ▶

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding, later.*

| | |
|---|---|
| **From:** | Rosie Guthrie |
| **To:** | Dolan, Stephanie - WHD |
| **Subject:** | Re: FW: US DOL Investigation |
| **Date:** | Tuesday, May 10, 2022 1:03:06 PM |

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

Hi Mrs. Dolan;
I have been advised that the information I gave you is enough. The caregivers did not agree for me to give out their information.
I will not be corresponding with you anymore.
If you want to take it to court, I will see you there
Thank you.
Rosie

On Tue, May 10, 2022 at 9:16 AM Dolan, Stephanie - WHD <Dolan.Stephanie@dol.gov> wrote:

Ms. Guthrie,

I am following up on our meeting from last Thursday, May 5th. During our meeting, you indicated I would be provided all workers' timesheets and paystubs (items #5 and #6 on the attached letter) for, at a minimum, the most recently completed payroll by COB yesterday. I have not received any of these records to date. Please send by COB today. Please call me with any questions – (313) 702-2135. Thank you.

Best Regards,



**Stephanie Dolan, Investigator**
U.S. Department of Labor

Wage and Hour Division

5700 Crooks Road, Room 310

Troy, MI 48098

313-702-2135 (Cell)

313-309-4514 (Office/fax)

Exhibit C

Exhibit C, p.001

**From:** Dolan, Stephanie - WHD
**Sent:** Wednesday, April 13, 2022 12:03 PM
**To:** rmg@genesishomecareservices.com
**Subject:** FW: US DOL Investigation

Good Morning,

I am following up on my voicemail to confirm that our meeting for this Friday has been cancelled. Furthermore, I have not yet received any correspondence from your attorney. Please request he or she call me at 313-702-2135 as soon as possible. Lastly, please review the attached letter and submit the records, as requested.

Regards,



**Stephanie Dolan, Investigator**
U.S. Department of Labor

Wage and Hour Division

5700 Crooks Road, Room 310

Troy, MI 48098

313-702-2135 (Cell)

313-309-4514 (Office/fax)

**From:** Dolan, Stephanie - WHD
**Sent:** Monday, April 11, 2022 9:15 AM
**To:** 'rmg@genesishomecareservices.com' <rmg@genesishomecareservices.com>
**Subject:** FW: US DOL Investigation

Rosemary,

I am following up on the attached letter and also on our conversation from 3/31/22. First and foremost, please let me know how you would like to be addressed moving forward. You had indicated over the phone that I did not use your name correctly, however it was not clear to me how you prefer to be addressed.

Additionally, during our last conversation you indicated that your attorney would be contacting me prior to our meeting currently scheduled for this Friday. I have not yet received any correspondence from an attorney representing your firm. He or she can reach me at 313-309-4514 (office) or 313-702-2135 (cell).

Lastly, we have not yet received any of the requested records on the attached letter or confirmation of our meeting scheduled for this Friday. The records were requested by COB 4/8/22. We are requesting you to submit these records prior to our meeting in an effort to disrupt your business operations as a little as possible. If you need to reschedule our meeting, I can work with you on that. Please let me know when you are available to meet. Please submit the records requested in the attached letter no later than this Wednesday 4/13/22 and call me (or request your attorney to call me) at 313-702-2135 (cell) to reschedule our meeting date if need be. Thank you.

Regards,



**Stephanie Dolan, Investigator**
U.S. Department of Labor

Wage and Hour Division

5700 Crooks Road, Room 310

Troy, MI 48098

313-702-2135 (Cell)

313-309-4514 (Office/fax)

**From:** Dolan, Stephanie - WHD
**Sent:** Thursday, March 31, 2022 3:56 PM
**To:** rmg@genesishomecareservices.com
**Subject:** US DOL Investigation

Ms. Guthrie,

Please see the attached letter.

Additionally, please see the link below which provides more information on the characteristics of an employment relationship under the FLSA. I am including this link since you indicated during our conversation that your workers are all classified as 1099 Independent Contractors.

https://www.dol.gov/agencies/whd/fact-sheets/13-flsa-employment-relationship

Please ensure the records requested on the letter are uploaded to the WHD Portal by COB next Friday. Thank you.

Regards,



**Stephanie Dolan, Investigator**
U.S. Department of Labor

Wage and Hour Division

5700 Crooks Road, Room 310

Troy, MI 48098

313-702-2135 (Cell)

313-309-4514 (Office/fax)



UNITED STATES DEPARTMENT OF LABOR
Wage and Hour Division
5700 Crooks Rd. Suite 310
Troy, MI  48098
(313) 309-4500



March 31, 2022

Genesis Homecare Services, LLC

23780 Harper Ave., Suite #B
Saint Clair Shores, MI 48080

7 Square Lake Rd
Bloomfield Hills, MI 48302

360 Briarwood Dr,
Jackson, MS, 39206

2723 South State St., Suite 150
Ann Arbor, MI 48108


Transmitted via email to: rmg@genesishomecareservices.com

RE: Wage and Hour Division Investigation

Dear Rosemary Guthrie,

The Wage and Hour Division (WHD) of the U.S. Department of Labor is responsible for
administering and enforcing a number of federal labor laws, including the Fair Labor Standards
Act (FLSA). This letter is to inform you that our agency has initiated an investigation to
determine your compliance with the FLSA. The enclosed links briefly describe the FLSA.

Authority for this investigation is contained in Section 11(a) of the FLSA.  Section 11(a) states:

> *The Administrator or his designated representatives may investigate and gather data
> regarding the wages, hours, and other conditions and practices of employment in any
> industry subject to this chapter, and may enter and inspect such places and such records
> (and make such transcriptions thereof), question such employees, and investigate such
> facts, conditions, practices or matters as he may deem necessary or appropriate to
> determine whether any person has violated any provision of this chapter or which may
> aid in the enforcement of the provisions of this chapter.*

I have been assigned to visit your establishment on **Friday, April 15 at 10:00 am at 23780
Harper Ave. Suite #B located in St. Clair Shores**. The normal on-site procedure is to meet
with the owner or a representative of the firm, complete a tour of the establishment, and

Exhibit D

Exhibit D, p.001

interview a representative number of workers if they are present. A final conference will be held separately to discuss the results of the investigation. In order to conduct the investigation with as little disruption to your business operations as possible, please submit all documents providing the following information one week prior to the scheduled visit, by **Friday, April 8, COB:**

1. Legal name of the company, Federal Employer Identification Number (FEIN), and all other names used by the company (e.g., "Doing Business As" names).

2. Names, addresses, email addresses, and telephone numbers of all business owners and company officers (e.g., President, Treasurer, Secretary, Board of Directors and other Corporate Officers) along with a company organizational chart if you have one.

3. Records demonstrating your gross annual dollar volume of sales. These figures are typically reflected on annual tax documents. Please provide these records for the past three years.

4. A list of all current and former workers employed during the period **April 2020 – current** along with their address, email address, telephone numbers, hourly rate or salary, job title, worksite, and whether you consider that worker exempt from overtime pay.

5. Timekeeping records from **April 2020 – current**. Timekeeping records should reflect workers' names, pay period, daily hours worked, and total weekly hours worked.

6. Payroll records from **April 2020– current**. Payroll records should reflect at least the following information: names, pay period, hours worked, rates, gross wages, any deductions, and net wages. Typically, a payroll journal for each pay period will suffice.

7. Birth dates for all workers under age 18 who worked during the past 24 months, if applicable.

8. 1099 forms and contract documents for all independent contractors.

We request that you make all of the listed documents available by the requested date pursuant to the authority contained in Section 11(a) and (c) of the FLSA and in Title 29, Code of Federal Regulations, Part 516. Please submit all records electronically through the WHD Portal site. Your access information is as follows:

| Portal Access Information | |
|---|---|
| Link: | https://webapps.dol.gov/eup |
| Case ID: | 1959448 |
| Zip Code: | 48080 |

Section 15(a)(3) of the FLSA prohibits you from retaliating against any person who files a complaint with the Wage and Hour Division or who cooperates with a Wage and Hour Division investigation. The law also prohibits you from retaliating against your workers for accepting

payment of any wages owed to them or from requiring your employee to return or decline payment of any wages owed to them.

I will make every effort to conduct this investigation expeditiously and with a minimum of inconvenience to you and your workers. However, please note that the list above is not intended to be an exhaustive or final list of records to be examined.

If you have any questions, please call me directly at (313) 702-2135

Sincerely,

*Stephanie Dolan*

Stephanie Dolan
Wage & Hour Investigator

Enclosures:
Handy Reference Guide, FLSA
Fact Sheet #44: Visits to Employers
Fact Sheet #77A: Prohibiting Retaliation Under the FLSA

**U.S. DEPARTMENT OF LABOR**
**Wage and Hour Division**
5700 Crooks, Room 310
Troy, MI  48098



April 27, 2022

Genesis Homecare Services
31235 Harper Ave., Suite 202
St. Clair Shores, MI 48082

23780 Harper Ave., Suite #B
St. Clair Shores, MI 48080

7 Square Lake Rd.
Bloomfield Hills, MI 48302

360 Briarwood Dr.
Jackson, MS 39206

2723 South State St., Suite 150
Ann Arbor, MI 48108

*emailed 4/27/22 to:* [rmg5257@gmail.com](mailto:rmg5257@gmail.com) *&* [rmg@genesishomecareservices.com](mailto:rmg@genesishomecareservices.com)

SUBJECT:      Wage and Hour Investigation

Attention: Rosie Guthrie

The Wage and Hour Division is responsible for administering and enforcing a number of federal laws involving labor standards.  In this regard, Investigator Dolan has been assigned the task of conducting an investigation of Genesis Homecare Services LLC under the Fair Labor Standards Act of 1938 (FLSA), to determine its compliance with the law.  In order for the Investigator to proceed, it is necessary that we examine certain records.

As you were previously notified, the authority of the Department of Labor to conduct such investigations is contained in section 11(a) of the FLSA, 29 U.S.C. § 211(a), which provides that:

> The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or

appropriate to determine whether any person has violated any provision of this chapter or which may aid in the enforcement of the provisions of this chapter.

This authority has been affirmed by the Supreme Court of the United States. See Oklahoma Press Publishing Company v. Walling, 327 U.S. 186 (1946); Donovan v. Lone Steer Inc., 464 U.S. 408 (1984). The FLSA also provides for the issuance of subpoenas to support such investigations.

Federal regulations require employers to keep certain records available for inspection and transcription by the Wage and Hour Administrator or a duly authorized and designated representative. See 29 C.F.R. Part 516. Records located off-site at a central recordkeeping office shall be made available within 72 hours, following notice from the Administrator or a duly authorized and designated representative. See 29 C.F.R. § 516.7. Section 516.2(a) and 516.5(c) of the Code of Federal Regulations indicate the items that you are required to maintain and that may be inspected during the investigation. **Failure to comply with these regulations is in itself a violation of the law.**

We initially requested these records in our FLSA appointment letter following a phone conversation on 03/31/22 where WHI Dolan informed you our agency had initiated an investigation of your firm under the FLSA. Following this conversation on 03/31/22, we emailed you (rmg@genesishomecareservices.com) the letter requesting the necessary records to be submitted by 04/08/22. In a telephonic conversation later that day, you informed WHI Dolan your attorney would reach out on the following Monday, 04/04/22, to address the matter. We never received contact from an attorney representing your firm and never received the requested records by the requested date of 04/08/22.

On 04/11/22, we emailed you regarding our request for records and also informed you that we have not received any correspondence from an attorney. We re-sent the FLSA appointment letter requesting the records to be submitted by 04/13/22 and requested a call from you or your attorney. You did not respond to this request and we never received any of the requested records. No correspondence from an attorney was ever received.

On 04/13/22, WHI Dolan left you a voicemail informing you that we have not yet received any correspondence from your attorney and we have not received any of the requested records. We also sent you a follow-up email that same day. You never responded to this email or voicemail and no records were provided. **You have failed to provide any of the requested documents to date.**

**On or before COB Monday 05/02/22 you must provide to Investigator Dolan all records listed below providing the following information:**

1. Legal name of the company, Federal Employer Identification Number (FEIN), and all other names used by the company (e.g., "Doing Business As" names).

2. Names, addresses, email addresses, and telephone numbers of all business owners and company officers (e.g., President, Treasurer, Secretary, Board of Directors and

other Corporate Officers) along with a company organizational chart if you have one.

3. Records demonstrating your gross annual dollar volume of sales. These figures are typically reflected on annual tax documents. Please provide these records for the past three years.

4. A list of all current and former workers employed during the period **April 2020 – current** along with their address, email address, telephone numbers, hourly rate or salary, job title, worksite, and whether you consider that worker exempt from overtime pay.

5. Timekeeping records from **April 2020 – current**. Timekeeping records should reflect workers' names, pay period, daily hours worked, and total weekly hours worked.

6. Payroll records from **April 2020– current**. Payroll records should reflect at least the following information: names, pay period, hours worked, rates, gross wages, any deductions, and net wages. Typically, a payroll journal for each pay period will suffice.

7. Birth dates for all workers under age 18 who worked during the past 24 months, if applicable.

8. 1099 forms and contract documents for all independent contractors.

You are to submit all records electronically through the WHD Portal site. Your access information is as follows:

| **Portal Access Information** | |
| --- | --- |
| Link: | https://webapps.dol.gov/eup |
| Case ID: | 1959448 |
| Zip Code: | 48080 |

**This is to be considered your final written notice to submit the requested information by COB 05/02/22. Your failure to respond to this notice and/or otherwise provide the records requested may result in additional action, including the issuance of a subpoena, to secure the information relevant to this investigation.**

You should also be aware that per section 15(a)(3) of the FLSA, you are prohibited from retaliating against any person who files a complaint with the Wage and Hour Division or who cooperates with a Wage and Hour Division investigation.   You are also prohibited from retaliating against worker for accepting payment of the wages owed to them or from requiring workers to return or decline payment of the wages owed to them.

Every effort will be made to conduct this investigation as expeditiously as possible and with a minimum of inconvenience to you and your workers.  If you have any questions regarding the above please contact me at (313) 286-5215.

Sincerely,

Mohamed Beidoun   Digitally signed by Mohamed Beidoun
Date: 2022.04.27 13:51:02 -04'00'

Mohamed Beidoun
Assistant District Director

| From: | Hoffmeister, Jonathan - SOL |
|---|---|
| To: | rmg@genesishomecareservices.com |
| Subject: | Genesis Homecare Services--Wage and Hour Subpoena Enforcement |
| Date: | Tuesday, September 13, 2022 2:39:00 PM |
| Attachments: | Genesis Homecare Services-Subpoena.pdf |

Ms. Guthrie,

  I'm an attorney with the U.S. Department of Labor, and I will be representing the Department's Wage and Hour Division regarding a subpoena for documents that Wage and Hour served you on June 15, 2022.  My understanding is that you ignored Wage and Hour's Subpoena after previously providing only a small portion of the documents Wage and Hour requested from you.  Requested information that is still outstanding includes (but isn't limited to) pay records, time records (including a box of records you showed the Wage and Hour investigator but refused to let her copy), and the name, address and phone number of Genesis Homecare Services' workers.  Wage and Hour needs the information requested in its subpoena in order to determine whether Genesis Homecare Services is in compliance with the Fair Labor Standards Act (FLSA).

  As I believe Wage and Hour already noted in a letter to you, Congress authorized it to "investigate and gather data regarding the *wages, hours, and other conditions and practices of employment* in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate..." (FLSA Sec. 11(a)).  The law also provides that Wage and Hour may utilize a subpoena to obtain documents and question witnesses. (FLSA Sec. 9).

  It is my understanding that you provided Wage and Hour with only five sample time/ payroll sheets, and that you outright refused to provide worker information "because the caregivers did not agree for [you] to give out their information."  Please understand that it is not sufficient for an employer to pick and choose what records it wants to provide Wage and Hour during an investigation. (See FLSA Section 11).  Nor can an employer simply declare that its workers are independent contractors and then refuse to provide information the employer has about the witnesses who could corroborate or refute the claim. (See e.g. FLSA Sec. 9 and 11).

The purpose of this email is to see if you will voluntarily comply with the subpoena and submit the remaining documents Wage and Hour requested without me having to initiate a court action against Genesis Homecare Services in U.S. District Court.  If you are willing to provide these documents to avoid the time and expense of litigation, please let me know, and then provide the documents within 10 days of this email.  If you are not willing—I plan to file an action in U.S. District Court shortly hereafter.

Thank you for your consideration of this request to resolve this matter short of litigation.  And if you are represented by an attorney, please forward this email to them and ask them to provide me their contact information.

Sincerely,

Exhibit F

Exhibit F, p.001

Jonathan Hoffmeister
U.S. Department of Labor
(404) 302-5453 (direct office number)
hoffmeister.jonathan@dol.gov

*Until further notice, in light of the current restrictions put in place by federal, state, and local governments in response to COVID-19, please direct all correspondence to to me via phone or email. Please do not send correspondence by paper mail, courier, or fax. If your correspondence is too large for email, or you have limited access to email, please contact me to discuss an alternate means of delivery.*

This message may contain information that is privileged or otherwise exempt from disclosure under applicable law.  Do not discose without consulting with the Office of the Solicitor.  If you think that you received this message in error, notify me immediately.