## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**JULIE A. SU**, Acting Secretary
of Labor, United States Department of Labor,

        Petitioner,

        v.

**ROSIE GUTHRIE**, an individual, and
**GENESIS HOMECARE SERVICES, LLC**,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)

Case Number:
2:22-mc-51667-MFL-APP

Judge:
Matthew F. Leitman

Magistrate Judge:
Anthony P. Patti

## ACTING SECRETARY OF LABOR'S MOTION FOR CONTEMPT INCARCERATION OF RESPONDENT ROSIE GUTHRIE

Petitioner JULIE A. SU, Acting Secretary of Labor, United States

Department of Labor ("Acting Secretary"), through her undersigned attorneys,

requests this Court incarcerate Respondent Rosie Guthrie ("Guthrie"), owner of

Genesis Homecare Services, LLC ("Genesis"), for her continued contempt of

court, until she fully complies with the Court's September 27, 2023 Order Granting

Petitioner's Motion for Contempt. (Doc. 11).  As discussed in the accompanying

memorandum, Guthrie disregarded the Acting Secretary's subpoena for documents

that are necessary for an investigation of Genesis.  She then failed to heed Court

Orders demanding production of the subpoenaed documents. (Docs. 4 and 11).

Guthrie also failed to appear at her contempt hearing as ordered by the Court.

(Doc. 9).  The imposition of $250 daily fines (accumulating to $5,750 as of the

date of this filing) and a separate award of $2,500 in costs and attorneys' fees has

not persuaded Respondents to come into compliance. (Docs. 11 and 12).  At this

point, it appears nothing short of incarceration will compel Guthrie to adhere to the Court's Orders.  Therefore, the Acting Secretary respectfully requests that in addition to relief provided by the Court's Contempt Order (Doc. 11), the Court enter an Order further:

A. Directing the Clerk of Court to issue a Writ of Body Attachment for Guthrie;

B. Directing the U.S. Marshals Service to arrest Guthrie, and to bring her before the Court;

C. Incarcerate Guthrie until she takes the actions necessary to purge herself of contempt;

D. Ordering Respondents to pay the Acting Secretary's reasonable expenses and attorney's fees incurred in filing and pursuing this Motion for Contempt Incarceration.[1]

---

[1] If this relief is granted by the Court, the Secretary will submit a separate motion for attorney's fees and expenses.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/Jonathan Hoffmeister
**JONATHAN HOFFMEISTER**
Senior Trial Attorney

Attorney for Petitioner, Julie A. Su**,**
Acting Secretary of Labor
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Suite 844
Chicago, IL  60604
Telephone: (404) 302-5453
Fax: (312) 353-5698
E-mail:hoffmeister.jonathan@dol.gov


**LOCAL COUNSEL:**

**DAWN N. ISON**
United States Attorney

**KEVIN ERSKINE**
Assistant United States Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9610
Email: kevin.erskine@usdoj.gov
(P69120)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**JULIE A. SU**, Acting Secretary
of Labor, United States Department of Labor,

      Petitioner,

v.

**ROSIE GUTHRIE**, an individual, and
**GENESIS HOMECARE SERVICES, LLC**,

      Respondents.

)
)
)
)
)
)
)
)
)
)
)
)

Case Number:
2:22-mc-51667-MFL-APP

Judge:
Matthew F. Leitman

Magistrate Judge:
Anthony P. Patti

**BRIEF IN SUPPORT OF ACTING SECRETARY OF LABOR'S
MOTION FOR CONTEMPT INCARCERATION OF RESPONDENT
ROSIE GUTHRIE**

    Petitioner Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), by counsel, submits this Memorandum in Support of her Motion for Contempt Incarceration of Respondent Rosie Guthrie, which seeks the incarceration of Respondent Rosie Guthrie ("Guthrie"), the owner of Genesis Homecare Services, LLC ("Genesis"), for her continued contempt of court.  Petitioner requests that Guthrie remain incarcerated until she fully complies with the Court's September 27, 2023 Order Granting Petitioner's Motion for Contempt. (Doc. 11) ("Contempt Order").  Despite already being held in contempt and accumulating daily fines, Guthrie continues to ignore these proceedings and the duties imposed on her by the Court.  In particular, Guthrie remains obstinate in her refusal to provide Petitioner with documents subpoenaed under the Fair Labor Standards Act of 1938, as amended ("FLSA"), which Petitioner needs to

1

investigate Genesis.  Guthrie has demonstrated that nothing short of her

incarceration will ensure her compliance with the Court's Orders.

## Background

The history of Respondents' failures to comply with the Acting Secretary's

subpoena for documents and the Orders of this court are detailed in prior filings,

including the Acting Secretary's Petition to Enforce Administrative Subpoena

Duces Tecum (Doc. 1) and Motion for Civil Contempt (Doc. 6).  In sum, on March

31, 2022, Wage and Hour attempted to open an investigation of Genesis with a

request for documents. (Doc. 1, pp.54-56).  Initially, Guthrie communicated with

Petitioner, although she was hesitant to comply with the Acting Secretary's

document request. (Doc. 1, pp.54-56).  On May 10, 2022, Guthrie decided she

would not cooperate with Petitioner's nascent investigation—she told Petitioner

that she would not provide the requested documents, she would not communicate

further with Petitioner, and if the Acting Secretary wanted to bring the issue to

court, she would "see [Petitioner] there." (Doc. 1, p.50).

Guthrie must have changed her mind about meeting in court.  She failed to

appear as ordered at her September 26, 2023 contempt hearing (Doc. 9), and has

ignored all other pleadings and Orders—including the Court's March 15, 2023

Order that she provide the subpoenaed documents (Doc. 4) and the September 27,

2023 Contempt Order reiterating the demand for the documents.  Guthrie had

ample notice of the Court proceedings and Orders, although she has sought to evade service.  She outright refused to accept the Acting Secretary's Petition to Enforce the Subpoena and the Court Order enforcing the subpoena when those documents were offered to her at her home.  The documents were ultimately affixed to her door. (Docs. 2, 5).  A person residing at her home similarly refused to take the Order that required her to appear at the contempt hearing, so again, the Order was affixed to her door. (Doc. 10).  Finally, in compliance with the Contempt Order, investigators affixed the Contempt Order to Guthrie's door after knocking and ringing Guthrie's smart doorbell multiple times—the light from Guthrie's smart doorbell indicated the investigators were being watched. (Doc. 12). The Contempt Order was also mailed to Guthrie in two separate envelopes. (Doc. 12).  Based on Guthrie's conduct to date, her avoidant behavior and flagrant disobedience to Court directives will likely continue, absent a more serious consequence.

## Argument

### *Guthrie Continues to be in Contempt of Court*

It is "firmly established that 'the power to punish for contempt is inherent in all courts.'" *Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991).  A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence the opposing party knowingly "violated a definite and specific order of the court."

*Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017)

(quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)).

Guthrie has violated specific orders of the Court—first, a June 28, 2023 deadline to

provide subpoenaed documents (Docs. 4, 5), then an Order to appear at a

September 26, 2023 contempt hearing (Doc. 9), and most recently an Order to

provide the subpoenaed documents by October 3, 2023.[1] (Docs. 11 and 12).  As of

the filing of this document, Guthrie's response to the Contempt Order is 23 days

late, and she has accumulated $5,750 in daily fines.[2]  Guthrie had every

opportunity to know about these requirements—they were both mailed to her and

affixed to her door. (Docs. 5, 10, 12).  As recognized by the Contempt Order,

Guthrie is already in contempt, and clear and convincing evidence establishes that

her contemptuous conduct continues unabated.

*Incarceration Is the Appropriate Remedy for the Guthrie's Ongoing Contempt of Court*

Once a district court finds a party in contempt, it is authorized by statute "to

punish [the contempt] by fine or imprisonment, or both, at its discretion...." 18

U.S.C. § 401(3); *Chambers*, 501 U.S. at 62.  In the Sixth Circuit, "incarceration

---

[1] The Contempt Order allowed Guthrie five days to provide the subpoenaed documents from the date that Petitioner served the Contempt Order on Respondents.  Petitioner served Respondents with the Contempt Order on September 28, 2023 (Doc. 12), so Respondents had until October 3, 2023 to provide the documents.

[2] The $250-per-day fine started accumulating after October 3, 2023.

has long been established as an appropriate sanction for civil contempt." *U.S. v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991). Civil contempt incarceration to compel future compliance with a court order can be imposed without the requirement of a jury trial or proof beyond a reasonable doubt. *Int'l Union v. Bagwell*, 512 U.S. 821, 827 (1994). Civil contempt incarceration is justified because the contemnor can purge the contempt and obtain release by committing an affirmative act, and thus "carries the keys of his prison in his own pocket." *Id.* at 828 (citation omitted). This Court initially adopted the lighter response of imposing $250 daily fines on Guthrie without incarceration. Given her continued disobedience, adding incarceration as a coercive remedy is within the Court's sound discretion.

### *Other Courts Have Used Civil Contempt Incarceration under Similar Circumstances*

The Sixth Circuit and its District Courts have previously ordered the arrest and confinement of those found in civil contempt for disobedience. For instance, in *U.S. v. Conces*, 507 F.3d 1028 (6th Cir. 2007), the court upheld the incarceration of a contemnor who repeatedly ignored a discovery order. See also *Williamson v. Saxbe*, 513 F.2d 1309 (6th Cir. 1975) (a Defendant who was to serve jailtime for a criminal conviction was also sentenced to incarceration for civil contempt after disobeying an Order to provide voice samples—the civil contempt jailtime would not count towards the criminal jailtime). Also, in *In re Burkman Supply, Inc.*, 217

B.R. 223 (W.D. Mich. 1998), the district court agreed with a Judge in bankruptcy proceedings that a contemnor who failed to provide financial schedules could be jailed. *See also U.S. v. Thompson*, 2022 WL 4182364 (S.D. Ohio, 2022) (leaving a person who refused to submit to an Order for a debtor's examination in jail for civil contempt).

District Courts in other circuits have also authorized or considered confinement for conduct similar to Guthrie's. *See, e.g., Walsh v. La Bomba Food Restaurant, Inc.*, No. 1:20-cv-02678 (N.D. Ill. June 15, 2022) (Doc. 65) (ordering the contempt incarceration of Respondent's owner in an FLSA subpoena enforcement, where owner failed to comply with the Court's Order to deliver documents); *Acosta v. GT Drywall*, 2018 WL 11354028, at *3 (C.D. Cal. Jan. 22, 2018) (same); *Perez v. i2a Techs., Inc.*, 2016 WL 6782770, at *3 (N.D. Cal. 2016) (ordering the incarceration of Respondent's owner in an FLSA action where he had "squandered numerous opportunities" to demonstrate compliance with the court's temporary restraining order); *Acosta v. N & B Lundy Corp.*, 2017 WL 1709438, at *3 (M.D. Pa. May 3, 2017) (finding in an subpoena enforcement by the U.S. Secretary of Labor that "incarceration as a means of compelling compliance may be necessary…" after the Respondents failed to attend the subpoena enforcement hearing or a contempt hearing). Therefore, there is ample precedent to support Guthrie's incarceration until she fully complies with the Court's Orders.

## Conclusion

The Petitioner recognizes incarceration of Guthrie is a significant escalation in the Court's response to her contempt, but unfortunately, incarceration has become necessary.  Guthrie has remained consistent in ignoring Petitioner and the authority of this Court, demonstrating that without incarceration, Guthrie will never produce the subpoenaed documents necessary for Petitioner's investigation of Genesis.  If Petitioner can be thwarted in an FLSA investigation because a corporate owner refuses to cooperate, she will be unable to fulfill her responsibility to protect vulnerable low wage workers.  The demands the FLSA places on employers will become effectively voluntary.  WHEREFORE, the Acting Secretary respectfully requests that this Court grant the Acting Secretary's Motion and incarcerate Guthrie until she stops her contemptuous conduct.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/Jonathan Hoffmeister
**JONATHAN HOFFMEISTER**
Senior Trial Attorney

Attorney for Petitioner, Julie A. Su**,**
Acting Secretary of Labor
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Suite 844
Chicago, IL  60604
Telephone: (404) 302-5453
Fax: (312) 353-5698
E-mail:hoffmeister.jonathan@dol.gov

**LOCAL COUNSEL:**

**DAWN N. ISON**
United States Attorney

**KEVIN ERSKINE**
Assistant United States Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9610
Email: kevin.erskine@usdoj.gov
(P69120)